UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

V.                                           NO. 00-0284

JOE MURRAY TONEY, JR.                        SECTION F

ORDER AND REASONS

Before the Court is Joe Murray Toney, Jr.'s motion to modify restitution. For the reasons that follow, the motion is DENIED.

**Background**

Joe M. Toney, Jr. pled guilty to two counts of bank robbery on November 29, 2000. He was sentenced to serve 188 months in prison, and upon his release was ordered to pay $13,357.00 in restitution to the Whitney Bank at a rate of $300 each month.

Toney was released from prison on March 21, 2018 after serving 17 years and six months. Toney, *pro se*, now requests that the Court modify or waive his restitution obligation.

I.

The Mandatory Victims Restitution Act (MVRA) requires courts to order restitution to the victims of certain offenses as part of

the sentence imposed for those offenses. 18 U.S.C. Section 3664.

Courts must order restitution in the amount of the loss to the

victim. As the name of the Act states, restitution is mandatory.

See United States v. Taylor, 582 F.3d 558, 567 (5th Cir.

2009)("[T]he language of the . . . statutes regarding restitution

is plain and allows the district court no discretion.")(quoting

United States v. Leon-Delfis, 203 F.3d 103, 115 (1st Cir. 2000)).

Section 3664(f) specifically directs courts to order

restitution without consideration of the defendant's economic

circumstances. See Leon-Delfis, 203 F.3d at 115 ("The Sentencing

Commission and Congress were more concerned about the inherent

fairness of making crime victims whole than fairness to defendants

who were found guilty of financial crimes."). If "the defendant's

ability to pay restitution" is affected due to a "material change

in the defendant's economic circumstances," however, defendants

are instructed to notify the Court. 18 U.S.C. § 3664(k). Upon

receipt of such notification, Section 3664(k) gives courts the

authority to either "adjust the payment schedule, or require

immediate payment in full, as the interests of justice require."

Id.

Although the Court may alter the payment schedule of

restitution due to changes in the defendant's economic situation,

its discretion to alter the underlying restitution order is limited. Section 3664(o) makes clear that the restitution order is final and may only be altered: (1) to correct a clerical error; (2) to appeal the sentence as improperly applied; or (3) in order to alter the restitution payment schedule. See 18 U.S.C. § 3664(o). This list is exhaustive. See United States v. Puentes, 803 F.3d 597, 607 (11th Cir. 2015)(noting that "every Circuit Court to consider this issue has indicated that a district court may only modify a mandatory restitution order through one of the means specified in Section 3664(o).")(collecting cases). Accordingly, courts do not have the authority to waive restitution debts or otherwise alter the amount owed by defendants.

## II.

Toney contends that he is employed, but that he makes $9.00 an hour four days each week. He is staying with family until he is able to afford an apartment. He asks that the Court modify or waive his $13,357 restitution obligation so that he be able to afford an apartment and other costs of living.

When a final restitution order has been issued, as in this case, it can only be altered pursuant to Section 3664(o): to correct a clerical error; to appeal the sentence as improperly applied; or to alter the payment schedule. None of these reasons

are implicated here. The Court lacks the authority to reduce or waive the amount of restitution owed by Toney. Toney does not ask the Court to correct a clerical error or to alter the payment schedule.

Toney's motion to modify or waive restitution is DENIED.

New Orleans, Louisiana, October 9, 2018

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE